IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN EGGLESTON, on behalf of himself
and all others similarly situated                                              PLAINTIFF

v.                                         Case No. 5:13-CV-05053

R&R PACKAGING, INC. d/b/a
R&R SOLUTIONS                                                                  DEFENDANT

## ORDER

Before the Court are the parties' Joint Motion for Preliminary Approval of Settlement (Doc. 58), brief in support (Doc. 59), and Stipulation and Settlement Agreement with proposed Notice of Settlement (Doc. 59-1). On May 29, 2014, Plaintiff filed a revised proposed Notice of Settlement (Doc. 60), which the Court has also considered.

This case involves collective action claims made pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff alleges that Defendant failed to pay overtime compensation to employees working in the position of "Field Technician" and failed to properly compensate Field Technicians for time spent traveling. Defendant denies committing any violations of the FLSA or any other applicable law.

After considering the parties' Joint Motion for Preliminary Approval, supporting brief, proposed Stipulation and Settlement Agreement, and revised Notice, the Court finds that the Joint Motion (Doc. 58) should be and hereby is **GRANTED**. Accordingly, the Court finds that the terms of the proposed Stipulation and Settlement Agreement constitute a fair, adequate, and reasonable compromise of a bona fide dispute, and the notice provisions

provided in the Stipulation and Settlement Agreement are adequate and appropriate to inform members of the class of the terms of the proposed settlement.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Court preliminarily approves the Stipulation and Settlement Agreement, subject to further consideration at the Final Approval Hearing described below. The Stipulation and Settlement Agreement appears to be the product of a structured mediation process and arms-length negotiation, following the exchange of written discovery and lengthy settlement discussions.

2.  For settlement purposes, the Court certifies this case as a collective action pursuant to the FLSA and appoints Plaintiff John Eggleston as representative of a class consisting of himself and fifty-one (51) current and former employees of Defendant classified as "Field Technicians." Mr. Eggleston, together with class counsel, shall be authorized to act on behalf of the class with respect to the litigation and the terms of the Stipulation and Settlement Agreement.

3.  The Court has reviewed and hereby approves the total preliminary allocations for the class, as well as the claims process governing such allocations, as set forth in the Stipulation and Settlement Agreement, which provides that Defendant will pay up to $146,964.79 in settlement of the claims at issue in this case. This "Maximum Gross Settlement Amount" includes: (1) the maximum amount that Defendant would pay pursuant to the Settlement Agreement if every member of the opt-in class participated in the Settlement; (2) the total paid by Defendant to certain members of the opt-in class as part of a negotiated settlement between Defendant and the United States Department of

Labor;[1] and (3) the maximum amount of fees and costs for class counsel's services, which the parties stipulate is $62,742.05.  The Court reserves judgment as to the final award of attorney's fees and costs until such time as class counsel submits the appropriate motion.

4. The Court approves, as to form and content, Exhibits 1, 3, 5, and 6 annexed to the Stipulation and Settlement Agreement (Doc. 59-1, pp. 48-49, 56-57, 61-66), as well as the revised proposed Notice of Settlement (Doc. 60), and finds that the mailing or transmission of these forms to members of the class will proceed as per the Stipulation and Settlement Agreement, as follows:

Within fifteen (15) calendar days from the date of this Order, class counsel shall mail or otherwise issue to current employees of the Defendant the Court-approved Settlement Notice, Release Form, Substitute W-9 Form, Unclaimed Department of Labor Certification, and Current Employee Certification and mail or otherwise issue to all former employees of the Defendant the Court-approved Settlement Notice, Release Form, Unclaimed Department of Labor Payment Certification, and Substitute W-9 Form.

5. The "Bar Date," as set forth in the Stipulation and Settlement Agreement, is the date by which class counsel must receive each class member's signed Release Form in order for that document to be considered timely.  The Bar Date will occur forty-five (45) calendar days after the date on which class counsel postmarks or otherwise transmits the Settlement Notice, Release Form, Substitute W-9 Form, Unclaimed Department of Labor Payment Certification (if applicable), and Current Employee Certification (if applicable).  The "Form Completion Deadline" is the date by which class counsel must receive certain

---

[1] The parties have informed the Court that, as of the date of this Order, all class members who were entitled to payments pursuant to the Department of Labor settlement agreement have cashed their settlement checks.

forms set forth in the Stipulation and Settlement Agreement in order for those forms to be considered timely. The Form Completion Deadline will occur a maximum of twenty-one (21) days from the Bar Date.

6. A Final Approval Hearing will be held before this Court on **September 3, 2014, at 1:30 p.m.**, to determine whether the Stipulation and Settlement Agreement is fair, just, reasonable, and adequate to the class and should be finally approved by the Court, and to consider class counsel's motion for an award of attorney's fees and costs. The motion for attorney's fees and costs must be submitted to the Court no later than **August 22, 2014**. The Court contemplates ruling on class counsel's motion for fees and costs at the time of the Final Approval Hearing.

IT IS SO ORDERED this 2nd day of June, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE